UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Benjamin Alexander Gwyn, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1944 |
| | ) | |
| District of Columbia *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the application and will dismiss the case pursuant to 28 U.S.C. § 1915A(b)(2). Under that statute, the Court is required to screen a prisoner's complaint and dismiss it if, among other grounds, the complaint fails to state a claim upon which relief may be granted.

Plaintiff, a prisoner confined at the District of Columbia Jail, is serving a 46-month sentence imposed by this Court for unlawful transport of firearms. *See Gwyn v. United States*, Crim. Action No. 01-73 (Kennedy, J.). In this civil action, plaintiff sues the District of Columbia; several officers of the Metropolitan Police Department who participated in his arrest and detention; his multiple defense counsel, including Federal Public Defender A.J. Kramer; and his prosecutors, including former United States Attorney Kenneth L. Wainstein, for alleged constitutional violations and common law torts. In essence, plaintiff alleges that his conviction and imprisonment are the result of a false arrest, an unlawful interrogation, a charge based on

"fabricated evidence," Compl. at 7, and ineffective assistance of counsel. Plaintiff seeks $98.5 million in monetary damages.

Because plaintiff's success on the merits of the complaint would necessarily invalidate his conviction, plaintiff cannot recover monetary damages against the District of Columbia defendants pursuant to 42 U.S.C. § 1983 or against the federal defendants pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971) without first establishing that his conviction has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). Plaintiff has not made such a showing here.[1] He therefore has failed to state a claim upon which relief may be granted under federal law, and the Court will not exercise supplemental jurisdiction over the remaining claims that presumably plaintiff may pursue in the Superior Court of the District of Columbia. A separate Order of dismissal accompanies this Memorandum Opinion.

_____
United States District Judge

Date: January 29, 2008

---

[1] At least one claim, ineffective assistance of counsel, was rejected by the sentencing court following a hearing on plaintiff's motion to vacate under 28 U.S.C. § 2255. *See* Crim. Dkt. Entry of June 9, 2005.